## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

LEXI HONEYCUTT, MELISSA )
MILTENBERGER, PAULA MULLENIX, )
SHELBY SPRINGER, KELLY STAMBAUGH, )
and ALLISON TITUS, )
                                                    )
    Plaintiffs,                                     )
                                                    )
v.                                                  )   No. 3:21-cv-311
                                                    )
CABINS FOR YOU, LLC, SCOTT & JENN )
OSBORNE, LLC, SCOTT OSBORNE and )
JENN OSBORNE, )
                                                    )
    Defendants.                                     )

## ANSWER

Defendants Scott & Jenn Osborne, LLC, ("Osborne LLC"), Scott Osborne ("S. Osborne"), and Jenn Osborne ("J. Osborne") (collectively "Defendants") by and through counsel, and for its Answer to Plaintiffs' Complaint [Doc 1] states as follows:

1. In answer to Paragraph 1 of the Complaint, Defendants are not advised regarding the citizenship of Plaintiffs and Co-Defendant Cabins For You, and as such, Defendants are unable to either admit or deny the allegations contained therein.

2. In answer to Paragraph 2 of the Complaint, Defendants are not advised regarding the allegations asserted in Paragraph 2 of the Complaint, and as a result, Defendants are unable to either admit or deny the allegations contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendants are not advised regarding the allegations asserted in Paragraph 3 of the Complaint, and as a result, Defendants are unable to either admit or deny the allegations contained therein.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

1

6. Paragraph 6 of the Complaint is admitted.

7. In answer to Paragraph 7 of the Complaint, Defendants are not advised regarding the citizenship of Plaintiffs and Co-Defendant Cabins For You, and as such, Defendants are unable to either admit or deny the allegations contained therein.

8. In answer to Paragraph 8 of the Complaint, Defendants admit that venue is proper based on the allegations contained in this action.

9. In answer to Paragraph 9 of the Complaint, Defendant Osborne LLC admits that it owned, rented, managed and/or operated the cabin located at 869 Chestnut Drive, Gatlinburg, Tennessee 37738 ("Cabin") at issue in this litigation. It is denied that the Cabin is owned, rented, managed and/or operated by Defendant S. Osborne or Defendant J. Osborne.

10. Paragraph 10 of the Complaint is admitted.

11. In answer to Paragraph 11 of the Complaint, based on knowledge and information Defendant Osborne LLC admits that the Paula Mullenix is the name provided on Reservation No. 139106 of May 22, 2021. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin.

12. In answer to Paragraph 12 of the Complaint, Defendants are not advised regarding the allegations asserted in Paragraph 12 of the Complaint, and as a result, Defendants are unable to either admit or deny the allegations contained therein.

13. The allegations of Paragraph 13 of the Complaint require no response.

14. In answer to Paragraph 14 of the Complaint, Defendants are not advised regarding the allegations asserted in Paragraph 14 of the Complaint, and as a result, Defendants are unable to either admit or deny the allegations contained therein.

15. Paragraph 15 of the Complaint is denied as stated. Defendant Osborne LLC understands based on knowledge and information that the Plaintiffs allege exposure to carbon

monoxide in the Cabin owned solely by Defendant Osborne LLC. Further, Defendant Osborne LLC is not aware of the specific date Plaintiffs were allegedly exposed to carbon monoxide. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

16. In answer to Paragraph 16 of the Complaint, Defendant Osborne LLC admits that the investigation determined that the hot water heater in the Cabin leaked carbon monoxide. Defendant Osborne LLC requested through its management company, Co-Defendant Cabins For You, prior to the date of the alleged incident, to have the hot water heater inspected and repaired. Thereafter, Co-Defendant Cabins For You and/or Defendant Osborne LLC did so retain a third party, Ambient Heating and Cooling, Inc., to inspect and repair the hot water heater. That third party, Ambient Heating and Cooling, Inc., made repairs, tested the unit for carbon monoxide, and confirmed to Co-Defendant Cabins For You and/or Defendant Osborne LLC that it detected no carbon monoxide in the Cabin. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein. It is admitted that Defendants S. Osborne and/or J. Osborne, solely in their official roles with Defendant Osborne LLC, participated in the decision to retain Ambient Heating and Cooling, Inc., for inspection and repair to the hot water heater.

17. In answer to Paragraph 17, Defendant Osborne LLC is not advised regarding whether or not the carbon monoxide detector within the rental unit alerted "Plaintiffs of the elevated carbon monoxide levels." Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

18. In answer to Paragraph 18, Defendant Osborne LLC admits that a prior issue occurred around May 13, 2021. The investigation of that incident revealed a hot water heater issue which was addressed May 14, 2021 as described in answer to Paragraph 16 above. Defendants S. Osborne

3

and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

19. In answer to Paragraph 19 of the Complaint, Defendant Osborne admits that Defendant J. Osborne, a member of Defendant Osborne LLC, was contacted by the Gatlinburg Fire Department reporting the hot water heater as a source of problems on or about May 13, 2021.

20. For its answer to Paragraph No. 20 of the Complaint, Defendant Osborne LLC refers and adopts its answers to Paragraphs 16 – 18 of the Complaint.

21. Paragraph 21 of the Complaint is denied. It is denied that Defendants S. Osborne and J. Osborne owned the Cabin and as such deny the allegations.

22. In answer to Paragraph 22 of the Complaint, Defendant Osborne LLC is not advised regarding the allegations asserted in Paragraph 22 of the Complaint, and as a result, Defendant Osborne LLC is unable to either admit or deny the allegations contained therein. It is denied that Defendants S. Osborne and J. Osborne owned the Cabin and as such deny the allegations.

23. In answer to Paragraph 23 of the Complaint, Defendant Osborne LLC is not advised regarding the allegations asserted in Paragraph 23 of the Complaint, and as a result, Defendant Osborne LLC is unable to either admit or deny the allegations contained therein. It is denied that Defendants S. Osborne and J. Osborne owned the Cabin and as such deny the allegations.

24. Paragraph 24 of the Complaint is denied. It is denied that Defendants S. Osborne and J. Osborne owned the Cabin and as such deny the allegations.

25. The allegations of Paragraph 25 of the Complaint require no response.

26. In answer to Paragraph 26 of the Complaint, it is admitted that Defendant Osborne LLC owned the Cabin and thus admits the allegations contained therein. It is denied that Defendants S. Osborne and J. Osborne owned the Cabin and as such deny the allegations.

27. In answer to Paragraph 27 of the Complaint, Defendant Osborne LLC denies any knowledge of issues as of the date Plaintiffs began renting the Cabin. Defendant Osborne, through its management company Co-Defendant Cabins For You, took reasonable steps to repair known issues, and they were informed that no gas leaks remained. Defendants had no knowledge of any issues at the time Plaintiffs rented the Cabin. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

28. Defendant Osborne LLC denies the allegations of Paragraph 28 of the Compliant and all of its subparts. Defendants S. Osborne and J. Osborne denying owning the Cabin and further deny the allegations and all of its subparts.

29. Paragraph 29 of the Complaint is denied.

30. As an affirmative defense, Defendants deny Plaintiffs are entitled to the relief prayed for in their prayer for relief.

31. As an affirmative defense, Defendants S. Osborne and J. Osborne assert that the Complaint fails to state a claim against them for which relief can be granted. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein or having any duty related to the Cabin. The Cabin was owned solely by Defendant Osborne LLC.

32. As an affirmative defense, Defendants rely upon the doctrine of modified comparative fault as adopted by the various Courts in the State of Tennessee. Prior to Plaintiffs' rental of this unit, Defendant Osborne LLC and/or Cabins For You contacted a heating and cooling contractor to inspect the tankless hot water heater, Ambient Heating and Cooling, Inc. ("Ambient"). Ambient sent an inspector/repairman to the property to make any repairs. Ambient performed repairs, checked gas issues, and confirmed no gas levels in the rental unit after completing work. This occurred around May 14, 2021. Based upon representations by Ambient that no issues

5

remained, the Defendant Osborne LLC and/or Cabins For You made the Cabin available for rental. Ambient may be served with process at P.O. Box 823, Seymour, Tennessee 37865.

33. Defendants reserve the right to amend or supplement this Answer based upon any additional facts or defenses discovered during this litigation.

34. Any allegations of the Complaint not previously admitted, denied, or explained are denied.

35. Defendants demand a jury to try the issues joined.

Now, having fully answered the allegations of the Complaint, Defendants Scott Osborne, Jenn Osborne and Scott & Jenn Osborne, LLC, ask this Court to dismiss the claims against it.

This the 24th day of September, 2021.

BERNSTEIN, STAIR & MCADAMS, LLP

s/W. Tyler Chastain
W. Tyler Chastain (BPR # 016029)
Attorneys for Defendants Scott & Jenn Osborne, LLC, Scott Osborne and Jenn Osborne
116 Agnes Road
Knoxville, Tennessee 37919
(865) 546-8030
wtylerc@bsmlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on the 24th day of September, 2021, a copy of the foregoing, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via U.S. Mail. Parties may access this filing through the Court's electronic filing system.

s/W. Tyler Chastain
W. TYLER CHASTAIN