**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**KNOXVILLE DIVISION**

LEXI HONEYCUTT, MELISSA     )
MILTENBERGER, PAULA MULLENIX,   )
SHELBY SPRINGER, KELLEY STAMBAUGH, )
ALLISON TITUS and REAGAN NANZ,   )
                          )
    Plaintiffs,            )
                          )
    vs.                  )    Case No.: 3:21-cv-00311-TRM-DCP
                          )
CABINS FOR YOU, LLC, SCOTT & JENN   )
OSBORNE, LLC, SCOTT OSBORNE,    )
JENN OSBORNE, AMBIENT HEATING &   )
AIR, INC., BRIAN CARROLL, EVERGREEN )
DESIGN & CONSTRUCTION, LLC,    )
NAVIEN, INC., BRK BRANDS, INC.    )
d/b/a FIRST ALERT, NEWELL BRANDS, INC. )
d/b/a FIRST ALERT, FIRST ALERT, INC.,  )
WALTER KIDDE PORTABLE     )
EQUIPMENT, INC., KIDDE PLC, INC.,   )
CARRIER GLOBAL CORPORATION,    )
CARRIER FIRE & SECURITY CORPORATION, )
RICH BOURGEOIS and JONELLE BOURGEOIS, )
INDIVIDUALLY and d/b/a SUBLIME SERVICES,)
and SUBLIME PLUMBING, LLC,    )
                          )
    Defendants.         )

## PLAINTIFFS' SECOND AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

    Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allision Titus, and Reagan Nanz, by counsel, respectfully submit their Second Amended Complaint for Damages and Request for Jury Trial against the Defendants, Cabins For You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne, Jenn Osborne, Ambient Heating & Air, Inc., Brian Carroll, Evergreen Design & Construction, LLC, Navien, Inc., BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable

1

Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois, Individually, and d/b/a Sublime Services, and Sublime Plumbing, LLC and assert the following:

## PARTIES, JURISDICTION, AND VENUE

1.      Complete diversity of the parties exists. "For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date of the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

2.      At all times relevant herein, the Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, and Reagan Nanz, currently reside in Indiana and are citizens of Indiana.

3.      As of the date of Plaintiffs' Second Amended Complaint, Defendant, Cabins For You, LLC, is a limited liability company organized and existing under the laws of the State of Georgia, with its principal place of business in Tennessee. Cabins For You, LLC has three members: Ashely Woodward, Allyson Whatley, and Greg Plimpton. Ashely Woodward, Allyson Whatley, and Greg Plimpton are citizens of Tennessee. Its registered agent is Greg Plimpton of Gatlinburg, Tennessee. For the purposes of establishing diversity of citizenship, Defendant Cabins For You, LLC is a citizen of Georgia and Tennessee.

4.      As of the date of Plaintiffs' Second Amended Complaint, Defendant, Scott & Jenn Osborne, LLC, is a limited liability company organized and existing under the laws of the State of Pennsylvania and with its principal place of business in Pennsylvania. Scott & Jenn Osborne, LLC has two members: Scott Osborne and Jenn Osborne. Both are citizens of Pennsylvania. For the

2

purposes of establishing diversity of citizenship, Defendant Scott & Jenn Osborne, LLC is a citizen of Pennsylvania.

5.      As of the date of Plaintiffs' Second Amended Complaint, Defendant, Scott Osborne, individually, is a citizen of Pennsylvania.

6.      As of the date of Plaintiffs' Second Amended Complaint, Defendant, Jenn Osborne, individually, is a citizen of Pennsylvania.

7.      As of the date of Plaintiffs' Second Amended Complaint, Defendant, Ambient Heating & Air, Inc. is a domestic for-profit corporation doing business in Tennessee. Ambient Heating & Air is incorporated in the State of Tennessee, and keeps its principal place of business in Tennessee. Its registered agent is James A. Locke of Seymour, Tennessee. For the purposes of establishing diversity of citizenship, Defendant, Ambient Heating & Air, Inc., is a citizen of Tennessee.

8.      As of the date of Plaintiffs' Second Amended Complaint, Defendant, Evergreen Design & Construction, LLC, is a limited liability company organized and existing under the laws of the State of Tennessee, with its principal place of business in Tennessee. Defendant, Evergreen Design & Construction, LLC, has two members—Brian Carroll and Ramona Carroll.  Both Brian Carroll and Ramona Carroll are citizens of Tennessee.  Brian Carroll is the registered agent for Defendant Evergreen Design & Construction, LLC.  For purposes of establishing diversity of citizenship, Defendant Evergreen Design & Construction, LLC is a citizen of Tennessee.

9.      As of the date of Plaintiffs' Second Amended Complaint, Defendant Brian Carroll, individually, is a citizen of Tennessee.

10.      As of the date of Plaintiffs' Second Amended Complaint, Defendant Navien, Inc. is a domestic for-profit corporation incorporated in the state of California and keeps its principal

3

place of business in California. Its registered agent is Sangkyu Lee of Irvine, California. For purposes of establishing diversity of citizenship, Defendant Navien, Inc., is a citizen of California.

11.     As of the date of Plaintiffs' Second Amended Complaint, Defendant BRK Brands, Inc. d/b/a First Alert is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of Illinois. Its registered agent is Illinois Corporation Service Company, located at 801 Adlai Stevenson Dr., Springfield, Illinois 62703. For purposes of establishing diversity of citizenship, Defendant, BRK Brands, Inc. d/b/a First Alert is a citizen of Illinois.

12.     As of the date of Plaintiffs' Second Amended Complaint, Defendant Newell Brands, Inc. d/b/a First Alert is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of Georgia. Its registered agent is Corporation Service Company, located at 2 Sun Court, Suite 400, Peachtree Corners, Georgia 30092. For purposes of establishing diversity of citizenship, Defendant, Newell Brands, Inc. d/b/a First Alert is a citizen of Georgia.

13.     As of the date of Plaintiffs' Second Amended Complaint, Defendant First Alert, Inc. is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of Illinois. Its registered agent is Corporation Service Company, located at 251 Little Falls Drive, Wilmington, DE 19808. For purposes of establishing diversity of citizenship, Defendant, First Alert, Inc. is a citizen of Illinois.

14.     As of the date of Plaintiffs' Second Amended Complaint, Defendant Walter Kidde Portable Equipment, Inc. is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of North Carolina. Its registered agent is United Agent Group, Inc., located at 15720 Brixham Hill Ave., Suite 300, Charlotte, North

4

Carolina 28277. For purposes of establishing diversity of citizenship, Defendant, Walter Kidde Portable Equipment, Inc. is a citizen of North Carolina.

15. As of the date of Plaintiffs' Second Amended Complaint, Defendant Kidde PLC, Inc. is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of Connecticut. Its registered agent is United Agent Group, Inc., locate at 3411 Silverside Road, Tatnall Building #104, Wilmington, DE 19810. For purposes of establishing diversity of citizenship, Defendant, Kidde PLC, Inc. is a citizen of Connecticut.

16. As of the date of Plaintiffs' Second Amended Complaint, Defendant Carrier Global Corporation is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of Florida. Its registered agent is United Agent Group, Inc., located at 801 US Highway 1, North Palm Beach, Florida 33408. For purposes of establishing diversity of citizenship, Defendant, Carrier Global Corporation is a citizen of Florida.

17. As of the date of Plaintiffs' Second Amended Complaint, Defendant Carrier Fire & Security Corporation is a domestic for-profit corporation incorporated in the state of Delaware, with its principal place of business in the state of Florida. Its registered agent is United Agent Group, Inc., located at 801 US Highway 1, North Palm Beach, Florida 33408. For purposes of establishing diversity of citizenship, Defendant, Carrier Fire & Security Corporation is a citizen of Florida.

18. As of the date of Plaintiffs' Second Amended Complaint, Defendants Rich Bourgeois and Jonelle Bourgeois individually owned and operated Sublime Services as a sole proprietorship doing business in the State of Tennessee, with Rich and Jonelle Bourgeois

residing in Pigeon Forge, Tennessee. For diversity citizenship purposes, Rich and Jonelle Bourgeois, Individually and d/b/a Sublime Services are citizens of Tennessee.

19.    As of the date of Plaintiffs' Second Amended Complaint, Defendant Sublime Plumbing, LLC is a domestic for-profit limited liability corporation, incorporated in the state of Tennessee, with its principal place of business in Tennessee.  Sublime Plumbing, LLC has one member, Jonelle Bourgeois, who is a Tennessee citizen. Jonelle Bourgeois is the registered agent of Sublime Plumbing, LLC. For diversity citizenship purposes, Sublime Plumbing, LLC is a citizen of Tennessee.

20.    Venue is proper in that the events and/or omissions giving rise to this claim occurred in the Eastern District of Tennessee.

21.    At all times relevant herein, Defendant Scott & Jenn Osborne, LLC and/or Defendants Scott Osborne and Jenn Osborne owned, rented, managed, and/or operated a cabin located at 869 Chestnut Drive, Gatlinburg, Tennessee 37738 ("The Cabin").

22.    At all times relevant herein, The Cabin was rented, managed, and/or operated by Defendant, Cabins For You, LLC.

23.    At all times relevant herein, Defendants Brian Carroll and Evergreen Design & Construction, LLC constructed and/or remodeled The Cabin.

24.    At all times relevant herein, Defendant Ambient Heating & Air, Inc. inspected, repaired, and assessed the gas water heater system and the carbon monoxide detectors in The Cabin.

25.    At all times relevant herein, Defendant Navien, Inc., designed, manufactured, sold, and distributed the water heater installed inside The Cabin.

6

26.     At all times relevant herein, Defendants Rich Bourgeois and Jonelle Bourgeois, Individually, and d/b/a Sublime Services and/or Sublime Plumbing, LLC installed the water heater, and associated plumbing and venting systems at The Cabin.

27.     At all times relevant herein, Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation designed, manufactured, sold, and distributed the carbon monoxide detector(s) installed in The Cabin.

28.     At the time of the events occurring on May 22, 2021, Plaintiff, Paula Mullenix, rented The Cabin from Defendant Scott & Jenn Osborne, LLC and/or Defendants Scott Osborne and Jenn Osborne through Cabins For You, LLC.

29.     At the time of the events occurring on May 22, 2021, Plaintiffs Lexi Honeycutt, Melissa Miltenberger, Shelby Springer, Kelley Stambaugh, Allison Titus, and Reagan Nanz, were guests at The Cabin.

## GENERAL ALLEGATIONS

30.     Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through twenty-nine (29) herein by reference.

31.     Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, and Reagan Nanz, were present in The Cabin for the weekend May 20 – May 23, 2021.

32.     Plaintiffs were subjected to carbon monoxide present in The Cabin for the entirety of their stay beginning on May 20, 2021.

33.     The Cabin had a Navien gas water heater, model number NPE-240S (NG) and Serial Number 7417H2090181429, which was the source of the carbon monoxide present in the Cabin.

34.     The Navien gas water heater was installed at the time The Cabin was constructed, by Defendants Rich and Jonelle Bourgeois d/b/a Sublime Services, Sublime Plumbing, LLC, and/or Brian Carroll and Evergreen Design & Construction, LLC

35.     The Cabin had a First Alert and/or Kidde carbon monoxide detector(s), which did not provide an alarm to alert the Plaintiffs of the elevated carbon monoxide levels.

36.     Previously, on May 13, 2021, Gatlinburg Fire Department had responded to a carbon monoxide alarm at The Cabin, and a carbon monoxide reading of 5000-6000 PPM was recorded.

37.     The Gatlinburg Fire Department concluded the water heater was the source of the May 13, 2021 carbon monoxide alarm and contacted the Defendant Jenn Osborne of Scott & Jenn Osborne, LLC, to report its findings.

38.     At least four separate monoxide incidents in the weeks prior to Plaintiffs' stay had occurred at The Cabin—March 20, 2021, March 24, 2021, April 26/27, 2021, and May 13, 2021 when there was a carbon monoxide reading of 5000-6000 PPM recorded--providing notice to the Defendants of an extremely dangerous condition on the property.

39.     On multiple occasions prior to the Plaintiffs' arrival to The Cabin, the Defendants were made aware by their own staff and/or contracted, including but not limited to cleaning personnel, of concern for carbon monoxide—including the very date the Plaintiffs were at The Cabin, May 22, 2021.

8

40.     Defendant Ambient Heating & Air, Inc.'s technicians were present in The Cabin on or about May 14, 2021 and/or May 20, 2021 to inspect reported issues related to carbon monoxide.

41.     Defendants knew or should have known of the prior incidents and dangerous levels of carbon monoxide that existed at The Cabin.

42.     On or before May 22, 2021, Defendants, Cabins For You, LLC, Scott Osborne, Jenn Osborne, Scott & Jenn Osborne, LLC, and/or Ambient Heating & Air, Inc., and/or one of their agents, servants, employees, and/or representatives removed the carbon monoxide detector at The Cabin prior to the arrival of the Plaintiffs after learning that the carbon monoxide detector was alarming.

43.     On or before May 22, 202, Defendants, Cabins For You, LLC, Scott Osborne, Jenn Osborne, Scott & Jenn Osborne, LLC, and/or Ambient Heating & Air, Inc., and/or one of their agents, servants, employees, and/or representatives re-installed a different carbon monoxide detector at The Cabin after removing the original alarming carbon monoxide detector, and prior to the arrival of the Plaintiffs.

44.     On May 22, 2021, as a result of being subjected to high levels of carbon monoxide in The Cabin, the Plaintiffs began experiencing severe symptoms of carbon monoxide poisoning, including nausea, vomiting, headaches, dizziness, and seizures.

45.     Blood tests revealed that the Plaintiffs, each of them, had dangerously elevated levels of carbon monoxide present in their blood after the Carbon Monoxide exposure on May 20-22, 2021 at The Cabin.

46.     The Plaintiffs, each of them, have sustained permanent injury from the carbon monoxide poisoning event on May 20-22, 2021.

## NEGLIGENCE OF DEFENDANTS CABINS FOR YOU, LLC, SCOTT & JENN OSBORNE, LLC, SCOTT OSBORNE, AND JENN OSBORNE

47.     Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through forty-six (46) herein by reference.

48.     The Defendants Cabins For You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne, and Jenn Osborne were responsible for providing a reasonably safe and habitable residence to the Plaintiffs.

49.     The Defendants Cabins For You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne, and Jenn Osborne had notice and opportunity to inspect and remedy The Cabin after similar prior incidents, yet consistently ignored such notice and opportunity(ies).

50.     The Defendants Cabins For You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne, and Jenn Osborne were careless and negligent in one or more of the following respects:

    a.    Failing to maintain The Cabin in a safe and habitable condition for residents;

    b.    Failing to inspect The Cabin and water heater for dangerous conditions;

    c.    Failing to monitor for the presence of carbon monoxide in The Cabin including providing operational carbon monoxide detectors;

    d.    Failing to remedy the condition after similar incidents, including but not limited to the incident on May 13, 2021;

    e.    Failing to maintain the water heater in a safe working condition; and,

    f.    Creating a dangerous condition through the defective water heater and/or water heater installation methods which then emitted dangerous levels of carbon monoxide into the cabin.

10

51. As a direct and proximate cause of the Defendants Cabins For You, LLC,'s Scott & Jenn Osborne, LLC's, Scott Osborne's, and Jenn Osborne's negligence, Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, and Reagan Nanz, suffered severe and permanent injuries, endured great physical pain and mental suffering, incurred substantial medical expenses, lost wages, and will continue to incur such losses in the future.

## NEGLIGENCE OF DEFENDANT AMBIENT HEATING & AIR, INC.

52. Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through fifty-one (51) herein by reference.

53. The Defendant Ambient Heating & Air, Inc. had a responsibility to inspect and repair the gas water heater in The Cabin in compliance with applicable codes and industry standards.

54. The Defendant Ambient Heating & Air, Inc. was careless and negligent in one or more of the following respects:

    a. Failed to properly inspect and repair the gas appliances, including the gas water heater, in The Cabin;

    b. Misrepresented that The Cabin was free of carbon monoxide causing issues with the gas appliances, including the gas water heater and was safe for occupancy;

    c. Failed to inspect and check the operation of carbon monoxide detectors in The Cabin;

    d. Removed or deactivated an activated carbon monoxide detector alarm; and

e.  Failed to warn others of the dangerous condition presented by gas appliances, including the gas water heater, creating carbon monoxide in The Cabin.

55.  As a direct and proximate cause of the Defendant Ambient Heating & Air, Inc.'s negligence, Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, and Reagan Nanz, suffered severe and permanent injuries, endured great physical pain and mental suffering, incurred substantial medical expenses, lost wages, and will continue to incur such losses in the future.

## NEGLIGENCE OF DEFENDANTS BRIAN CARROLL AND/OR EVERGREEN DESIGN & CONSTRUCTION, LLC

56.  Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through fifty-five (55) herein by reference.

57.  The Defendants Evergreen Design & Construction, LLC and/or Brian Carroll had a responsibility to construct and/or remodel The Cabin, which included installing gas appliances, such as the gas water heater, in compliance with applicable codes and industry standards.

58.  The Defendants Evergreen Design & Construction, LLC and/or Brian Carroll were careless and negligent in one or more of the following respects:

a.  Failed to construct the Cabin with safe gas appliances, including the gas water heater;

b.  Failed to properly install the gas appliances, including the gas water heater, in The Cabin;

c.  Failed to properly inspect gas appliances, including the gas water heater, in the Cabin;

12

d.  Failed to properly install and/or inspect carbon monoxide detectors in The Cabin; and

e.  Failed to warn others of the dangerous condition presented by gas appliances, including the gas water heater, creating carbon monoxide in The Cabin.

59.  As a direct and proximate cause of the Defendants Evergreen Design & Construction, LLC's and/or Brian Carroll's negligence, Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, Reagan Nanz, suffered severe and permanent injuries, endured great physical pain and mental suffering, incurred substantial medical expenses, lost wages, and will continue to incur such losses in the future.

## PRODUCT LIABILITY OF DEFENDANT NAVIEN, INC.

60.  Plaintiffs incorporates by reference paragraphs one (1) through fifty-nine (59) above.

61.  Defendant Navien, Inc. designed, manufactured, sold, and distributed the gas water heater, model number NPE-240S (NG) and Serial Number 7417H2090181429.

62.  Defendant Navien, Inc. placed the gas water heater into the stream of commerce with the expectation that it would reach the user/consumer without alterations or changes.

63.  The gas water heater did reach the user/consumer without alteration or changes.

64.  The gas water heater was defective in design and/or manufacture at the time it left the control of Defendant Navien, Inc. as the foreseeable risks associated with its designs exceeded the benefits associated with its use.

13

65. The foreseeable risks associated with the gas water heater's designs include, but are not limited to, excessive carbon monoxide production, carbon monoxide leaks, and/or defective ventilation systems, thereby creating a product more dangerous than a reasonable consumer would appreciate or contemplate when used in a reasonably foreseeable manner.

66. The risk of injury by the reasonably foreseeable use of the gas water heater was beyond what a reasonable consumer would have contemplated or appreciated.

67. Defendant Navien, Inc. failed to use reasonable care in designing and developing the gas water heater so as to avoid creating an unreasonable risk of harm to users and consumers, including the Plaintiffs.

68. The gas water heater was defective due to inadequate warnings and instruction.

69. Defendant Navien, Inc. failed to provide reasonable warnings concerning the dangers associated with the gas water heater's defects which caused the Plaintiffs' injuries and damages.

70. The gas water heater was defective in its manufacture, containing defects related to the production and distribution of carbon monoxide in an interior unvented location.

71. Defendant Navien, Inc. is strictly liable for any and all design, manufacturing, and marketing defects present in the gas water heater at the time it left Defendant's hands.

72. As a direct and proximate cause of the careless and negligent conduct of Defendant Navien, Inc., Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, Reagan Nanz, suffered severe and permanent injuries, endured great physical pain and mental suffering, incurred substantial medical expenses, lost wages, and will continue to incur such losses in the future.

**PRODUCT LIABILITY AS TO DEFENDANTS BRK BRANDS, INC. D/B/A FIRST ALERT, NEWELL BRANDS, INC. D/B/A FIRST ALERT, FIRST ALERT, INC., WALTER KIDDE PORTABLE EQUIPMENT, INC., KIDDE PLC, INC., CARRIER GLOBAL CORPORATION, AND/OR CARRIER FIRE & SECURITY CORPORATION**

73. Plaintiff incorporates by reference paragraphs one (1) through seventy-two (72) above.

74. Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation designed, manufactured, sold, and distributed the carbon monoxide detector.

75. Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation placed the carbon monoxide detector into the stream of commerce with the expectation that it would reach the user/consumer without alterations or changes.

76. The carbon monoxide detector did reach the user/consumer without alterations or changes.

77. The carbon monoxide detector was defective in design and/or manufacture at the time it left the control of Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation, as the foreseeable risks associated with its designs exceeded the benefits associated with its use.

78. The foreseeable risks associated with the carbon monoxide detector's designs include, but are not limited to, failure to sound an audible alarm when carbon monoxide is

15

present, thereby creating a product more dangerous than a reasonable consumer would appreciate or contemplate when used in a reasonably foreseeable manner.

79. The risk of injury by the reasonably foreseeable use of the carbon monoxide detector was beyond what a reasonable consumer would have contemplated or appreciated.

80. Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation failed to use reasonable care in designing and developing the carbon monoxide detector so as to avoid creating an unreasonable risk of harm to users and consumers, including the Plaintiffs.

81. The carbon monoxide detector was defective due to inadequate warnings and instruction.

82. Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation failed to provide reasonable warnings concerning the dangers associated with the carbon monoxide detector's defects which caused the Plaintiffs' injuries and damages.

83. The carbon monoxide detector was defective in its manufacture, containing defects related to the failure of the detector's audible alarm system.

84. Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation is strictly liable for any and all design, manufacturing, and marketing defects present in the carbon monoxide detector at the time it left Defendants' hands.

85.     As a direct and proximate cause of the careless and negligent conduct of Defendants BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation, Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, Reagan Nanz, suffered severe and permanent injuries, endured great physical pain and mental suffering, incurred substantial medical expenses, lost wages, and will continue to incur such losses in the future.

### NEGLIGENCE OF DEFENDANTS RICH BOURGEOIS AND JONELLE BOURGEOIS, INDIVIDUALLY AND D/B/A SUBLIME SERVICES AND/OR SUBLIME PLUMBING LLC

86.     Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through eighty-five (85) herein by reference.

87.     The Defendants Rich Bourgeois and Jonelle Bourgeois, Individually and d/b/a Sublime Services and/or Sublime Plumbing, LLC were required to install the water heater at The Cabin in accord with all product manual, building codes, and industry practices so as to properly vent combustion gases being produced by the water heater.

88.     Defendants Rich Bourgeois and Jonelle Bourgeois, Individually and d/b/a Sublime Services and/or Sublime Plumbing, LLC were careless and negligent in one or more of the following respects:

     a.     Failed to install the water heater in The Cabin in compliance with all product manual, building codes, and industry practices;

     b.     Failed to properly install plumbing to vent the combustion gases produced by the water heater in The Cabin;

c.   Failed to install the correct water heater components for the type of gas being supplied to operate the water heater installed in The Cabin;

d.   Failed to adequately inspect the installation to check for carbon monoxide leaks present in The Cabin;

e.   Failed to warn others of the dangerous condition presented by improper ventilation and installation of the gas water heater creating carbon monoxide in The Cabin; and

f.   Failed to use reasonable care in all aspects of the water heater installation which could create the presence of carbon monoxide within the interior of The Cabin.

89.   As a direct and proximate cause of the Defendants Rich Bourgeois and Jonelle Bourgeois, Individually and d/b/a Sublime Services and/or Sublime Plumbing, LLC's negligence, Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, Reagan Nanz, suffered severe and permanent injuries, endured great physical pain and mental suffering, incurred substantial medical expenses, lost wages, and will continue to incur such losses in the future.

## PUNITIVE DAMAGES AGAINST CABINS FOR YOU, LLC, AND SCOTT & JENN OSBORNE, LLC

90.   Plaintiffs reassert, reallege, and incorporate paragraphs one (1) through eighty-nine (89) herein by reference.

91.   On at least four separate occasions prior to the Plaintiffs' arrival--March 20, 2021, March 24, 2021, April 26/27, 2021, and May 13, 2021—the Gatlinburg Fire Department was dispatched to The Cabin due to carbon monoxide incidents.

92. Similarly, on multiple occasions cleaning personnel at The Cabin informed Defendants, Cabins for You, LLC, and Scott & Jenn Osborne, LLC, not only that there were incidents involving carbon monoxide, but that the cleaning personnel themselves were getting sick, and were demonstrating symptoms consistent with carbon monoxide exposure.

93. Despite these reports, fire department runs to The Cabin for carbon monoxide incidents, and life-threatening circumstances presented by The Cabin, Defendants, Cabins For You, LLC and Scott & Jenn Osborne, LLC, by and through their servants, employees, and or agents, knowingly removed an alarming/sounding carbon monoxide detector on, during, or immediately prior to the date of the Plaintiffs' arrival to The Cabin, and did so for economic gain at the risk of continuing to poison renters of The Cabin.

94. The Defendant's, Scott & Jenn Osborne, LLC, economic desire at the risk of poisoning renters was conveyed on May 22, 2021 to Cabins For You, LLC by and through Scott Osborne after learning of the carbon monoxide exposure to the Plaintiffs and Cabins For You, LLC's anticipated cancelations of upcoming renters:



95. That same economic desire of the Defendant, Scott & Jenn Osborne, LLC, at the risk of renters' health was conveyed just days later through Scott Osborne, lamenting the fact that the Defendant LLC had lost "a pretty penny" on "the outage"—presumably in reference to the carbon monoxide exposure to the Plaintiffs, which resulted in life-threatening injuries and hospitalizations to said Plaintiffs:



96. The Defendants, Cabins For You, LLC, and Scott & Jenn Osborne, LLC, by and through their agents, representatives, and servants, in performing the foregoing acts and omissions, acted with intent, and acted recklessly, maliciously, and fraudulently as to justify an award of punitive damages and exemplary damages.

WHEREFORE, Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, Reagan Nanz, pray for a judgment against Defendants, Cabins For You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne, Jenn Osborne, Ambient Heating & Air, Inc., Evergreen Design & Construction, LLC, Brian Carroll, Navien, Inc., BRK Brands, Inc. d/b/a First Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PLC, Inc., Carrier Global Corporation, and/or Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois, Individually and d/b/a Sublime Services, and/or Sublime Plumbing, LLC in an amount which will fully and fairly compensate

them for injuries and damages, for costs of this actions, for interest as allowed by law, and for all other just and proper relief in the premises.

Respectfully submitted,

WILSON KEHOE WININGHAM, LLC

/s/ Christopher G. Stevenson
Christopher G. Stevenson, # 24689-49
W. Kent Winingham, # 34826-29
WILSON KEHOE & WININGHAM, LLC
2859 North Meridian Street
Indianapolis, IN  46206-1317
Tel (317) 920-6400
Fax (317) 920-6405
E-mail cstevenson@wkw.com
          kwiningham@wkw.com


Bradley C. Burnette, Esq.
FOX FARLEY WILLIS & BURNETTE
310 North Main Street
Clinton, TN 3 7716
Tel (865) 457-6440
Fax (865) 457-6322
Email: brad@foxlawtn.com


*Counsel for Plaintiffs*

21

## <u>REQUEST FOR TRIAL BY JURY</u>

Plaintiffs, Lexi Honeycutt, Melissa Miltenberger, Paula Mullenix, Shelby Springer, Kelley Stambaugh, Allison Titus, and Reagan Nanz, by counsel, respectfully request that this matter be tried by a jury.

Respectfully submitted,

WILSON KEHOE WININGHAM, LLC

/s/ Christopher G. Stevenson
Christopher G. Stevenson, # 24689-49
W. Kent Winingham, # 34826-29
WILSON KEHOE & WININGHAM, LLC
2859 North Meridian Street
Indianapolis, IN  46206-1317
Tel (317) 920-6400
Fax (317) 920-6405
E-mail cstevenson@wkw.com
        kwiningham@wkw.com


Bradley C. Burnette, Esq.
FOX FARLEY WILLIS & BURNETTE
310 North Main Street
Clinton, TN 3 7716
Tel (865) 457-6440
Fax (865) 457-6322
Email: brad@foxlawtn.com


*Counsel for Plaintiffs*

22