## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXI HONEYCUTT, MELISSA MILTENBERGER, PAULA MULLENIX, SHELBY SPRINGER, KELLY STAMBAUGH, ALLISON TITUS and REAGAN NANZ,<br><br>    Plaintiffs,<br><br>v.<br><br>CABINS FOR YOU, LLC, SCOTT & JENN OSBORNE LLC, SCOTT OSBORNE, JENN OSBORNE,     AMBIENT HEATING & AIR, INC., BRIAN CARROLL, EVERGREEN DESIGN & CONSTRUCTION, LLC, NAVIEN, INC., BRK BRANDS, INC. d/b/a FIRST ALERT, NEWELL BRANDS, INC. d/b/a FIRST ALERT, FIRST ALERT, INC., WALTER KIDDE PORTABLE EQUIPMENT, INC., KIDDE PLC, INC., CARRIER GLOBAL CORPORATION, CARRIER FIRE & SECURITY CORPORATION RICH BOURGEOIS and JONELLE BOURGEOIS, INDIVIDUALLY and d/b/a SUBLIME SERVICES, and SUBLIME PLUMBING, LLC.<br><br>    Defendants. | No. 3:21-cv-311 |

## ANSWER OF SCOTT & JENN OSBORNE LLC, SCOTT OSBORNE, AND JENN OSBORNE TO THE PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Scott & Jenn Osborne LLC, ("Osborne LLC"), Scott Osborne ("S. Osborne"), and Jenn Osborne ("J. Osborne") (collectively "Defendants") by and through counsel, and for its Answer to Plaintiffs' Second Amended Complaint [Doc 59] (the "Complaint") state as follows:

1. Paragraph 1 of the Complaint does not set forth facts for which an answer is required.

1

2. In answer to Paragraph 2 of the Complaint, Defendants are not advised regarding the citizenship of Plaintiffs and as such, Defendants are unable to either admit or deny the allegations contained therein.

3. In answer to Paragraph 3 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Cabins For You, and as such, Defendants are unable to either admit or deny the allegations contained therein.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is admitted.

7. In answer to Paragraph 7 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Ambient Heating & Air, Inc., and as such, Defendants are unable to either admit or deny the allegations contained therein.

8. In answer to Paragraph 8 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Evergreen Design & Construction, LLC, and as such, Defendants are unable to either admit or deny the allegations contained therein.

9. In answer to Paragraph 9 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Brian Carroll, and as such, Defendants are unable to either admit or deny the allegations contained therein.

10. In answer to Paragraph 10 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Navien, Inc. and as such, Defendants are unable to either admit or deny the allegations contained therein.

11.     In answer to Paragraph 11 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant BRK Brands, Inc. d/b/a First Alert and as such, Defendants are unable to either admit or deny the allegations contained therein.

12.     In answer to Paragraph 12 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Newell Brands, Inc. d/b/a First Alert and as such, Defendants are unable to either admit or deny the allegations contained therein.

13.     In answer to Paragraph 13 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant First Alert, Inc., and as such, Defendants are unable to either admit or deny the allegations contained therein.

14.     In answer to Paragraph 14 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Walter Kidde Portable Equipment, Inc., and as such, Defendants are unable to either admit or deny the allegations contained therein.

15.     In answer to Paragraph 15 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Kidde PLC, Inc., and as such, Defendants are unable to either admit or deny the allegations contained therein.

16.     In answer to Paragraph 16 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Carrier Global Corporation, and as such, Defendants are unable to either admit or deny the allegations contained therein.

17.     In answer to Paragraph 17 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Carrier Fire & Security Corporation, and as such, Defendants are unable to either admit or deny the allegations contained therein.

18. In answer to Paragraph 18 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Rich Bourgeois and Jonelle Bourgeois, individually, and d/b/a Sublime Services, and as such, Defendants are unable to either admit or deny the allegations contained therein.

19. In answer to Paragraph 19 of the Complaint, Defendants are not advised regarding the citizenship of Co-Defendant Sublime Plumbing, LLC, and as such, Defendants are unable to either admit or deny the allegations contained therein.

20. In answer to Paragraph 20 of the Complaint, Defendants admit that venue is proper based on the allegations contained in this action. Defendants deny any liability for any claims alleged.

21. In answer to Paragraph 21 of the Complaint, Defendant Osborne LLC admits that it owned, rented, managed and/or operated the cabin located at 869 Chestnut Drive, Gatlinburg, Tennessee 37738 ("Cabin"). It is denied that the Cabin is owned, rented, managed and/or operated by Defendant S. Osborne or Defendant J. Osborne, individually.

22. Paragraph 22 of the Complaint is admitted.

23. Paragraph 23 of the Complaint is admitted.

24. Paragraph 24 of the Complaint is admitted based upon knowledge or information obtained by Osborne LLC, only, who owned rented, managed and/or operated the Cabin.

25. In answer to Paragraph 25 of the Complaint, Defendant Osborne LLC is not advised regarding the allegations asserted in Paragraph 25 and as a result, Defendant Osborne LLC is unable to either admit or deny the allegations contained

4

therein. Defendants S. Osborne and J. Osborne individually deny owning, renting, managing and/or operating the Cabin.

26.     In answer to Paragraph 26 of the Complaint, Defendant Osborne LLC is not advised regarding the allegations asserted in Paragraph 26 and as a result, Defendant Osborne LLC is unable to either admit or deny the allegations contained therein. Defendants S. Osborne and J. Osborne individually deny owning, renting, managing and/or operating the Cabin.

27.     In answer to Paragraph 27 of the Complaint, Defendant Osborne LLC is not advised regarding the allegations asserted in Paragraph 27 and as a result, Defendant Osborne LLC is unable to either admit or deny the allegations contained therein. Defendants S. Osborne and J. Osborne individually deny owning, renting, managing and/or operating the Cabin.

28.     In answer to Paragraph 28 of the Complaint, based on knowledge and information Defendant Osborne LLC admits that the Paula Mullenix is the name provided on Reservation No. 139106 of May 22, 2021. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin.

29.     In answer to Paragraph 29 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations contained therein, and as such, the same are denied.

30.     The allegations of Paragraph 30 of the Complaint require no response.

31.     In answer to Paragraph 31 of the Complaint, Defendants are without knowledge or information sufficient to admit or deny the allegations contained therein, and as such, the same are denied.

5

32.     Paragraph 32 of the Complaint is denied as stated. Defendant Osborne LLC understands based on knowledge and information that the Plaintiffs allege exposure to carbon monoxide in the Cabin owned solely by Defendant Osborne LLC at some point during their stay. Defendant Osborne LLC denies any liability for any such claim. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

33.     In answer to Paragraph 33 of the Complaint, Defendant Osborne LLC admits that the Cabin had a gas hot water heater. Based on subsequent knowledge and information, Defendant Osborne LLC admits that certain issues apparently arose with the gas hot water heater or some other device. Defendant Osborne LLC denies any liability for any such claim. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

34.     In answer to Paragraph 34 of the Complaint, Defendant Osborne LLC admits that the Cabin had a gas hot water heater.  It is admitted that Evergreen Design and Construction was the contractor for the Cabin. Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 34 of the Complaint.  Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

35.     Paragraph 35 of the Complaint is denied by Defendant Osborne LLC. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

36.     In answer to Paragraph 36 of the Complaint, Defendant Osborne LLC received a report from the Gatlinburg Fire Department of an alleged gas leak issue at

the Cabin. It is admitted that Defendants S. Osborne and/or J. Osborne, solely in their official roles with Defendant Osborne LLC, participated in the calls with the Gatlinburg Fire Department. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

37. In answer to Paragraph 37 of the Complaint, Defendant Osborne LLC received a report from the Gatlinburg Fire Department of a gas leak issue at the Cabin. It is admitted that Defendants S. Osborne and/or J. Osborne, solely in their official roles with Defendant Osborne LLC, participated in the calls with the Gatlinburg Fire Department. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein. Any remaining allegations are denied.

38. In answer to Paragraph 38 of the Complaint, Defendant Osborne LLC received information as to gas issues with the Cabin, which some were due to guests moving or damaging gas fire logs. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein. Any remaining allegations are denied.

39. In answer to Paragraph 39 of the Complaint, Defendant Osborne LLC requested through its management company, Co-Defendant Cabins For You, prior to the date of the alleged incident, to have the hot water heater inspected and repaired, if needed. Thereafter, based on knowledge and information, Co-Defendant Cabins For You did so retain Co-Defendant, Ambient Heating & Air, Inc., to inspect, test and/or perform repair/replacement work related to the hot water heater in order to provide clearance for the rental of the Cabin. Based on knowledge and belief, Defendant

7

Osborne LLC was advised by Co-Defendant Cabins For You that Co-Defendant Ambient Heating & Air, Inc., performed an inspection of the hot water unit, tested the unit for carbon monoxide, made what it deemed necessary and proper repair/replacement on the hot water heater, confirmed prior to the rental to the Plaintiffs that it detected no carbon monoxide in the Cabin, that it resolved any issue with the gas hot water heater and the Cabin could be rented. It is admitted that Defendants S. Osborne and/or J. Osborne, solely in their official roles with Defendant Osborne LLC, participated in the decision to retain Co-Defendant Ambient Heating & Air, Inc., and relied on their report. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein. Any remaining allegations are denied.

40.     In answer to Paragraph 40 of the Complaint, Defendant Osborne LLC, by information received through its management company, Co-Defendant, Cabins For You, was advised that Co-Defendant Ambient Heating & Air performed various inspections, testing and performed, what it deemed, complete repair/replacement work in May of 2021 related to the hot water heater in the Cabin and that there were no issues with renting the Cabin. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein. Any remaining allegations are denied.

41.     Paragraph 41 of the Complaint is denied.

42.     Paragraph 42 of the Complaint is denied. Further, it is denied that Defendant S. Osborne and J. Osborne owned, rented, managed and/or operated the Cabin subject to the allegations herein.

8

43.     Paragraph 43 of the Complaint is denied. Further, it is denied that Defendant S. Osborne and J. Osborne owned, rented, managed and/or operated the Cabin subject to the allegations herein.

44.     In answer to Paragraph 44, Defendant Osborne LLC admits receiving reports of possible exposure to carbon monoxide by guests of the Cabin on or about May 22, 2021. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

45.     In answer to Paragraph 45 of the Complaint, Defendant Osborne LLC has no knowledge or information as to any allegations of any blood test results. Defendant Osborne LLC denies any knowledge or report of any gas leak issues on May 20 or 21, 2021. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

46.     Paragraph 46 of the Complaint is denied. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

47.     The allegations of Paragraph 47 of the Complaint require no response.

48.     In answer to Paragraph 48 of the Complaint, Defendant Osborne LLC denies all allegations and asserts that it did provide a reasonably safe and habitable residence at all times material. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

49.     In answer to Paragraph 49 of the Complaint, Defendant Osborne LLC denies all allegations and asserts that it did provide a reasonably safe and habitable

9

residence at all times material. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein.

50. Paragraph 50 of the Complaint is denied.

51. Paragraph 51 of the Complaint is denied.

52. The allegations of Paragraph 52 of the Complaint require no response.

53. Paragraph 53 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

54. Paragraph 54 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

55. Paragraph 55 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

56. The allegations of Paragraph 56 do not require a response.

57. Paragraph 57 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

58. Paragraph 58 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

59.     Paragraph 59 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

60.     The allegations of paragraph 60 do not require a response.

61.     Paragraph 61 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

62.     Paragraph 62 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

63.     Paragraph 63 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

64.     Paragraph 64 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

65.     Paragraph 65 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

66.     Paragraph 66 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

67. Paragraph 67 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

68. Paragraph 68 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

69. Paragraph 69 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

70. Paragraph 70 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

71. Paragraph 71 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

72. Paragraph 72 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

73. The allegations of Paragraph 73 do not require a response.

74. Paragraph 74 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

75.     Paragraph 75 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

76.     Paragraph 76 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

77.     Paragraph 77 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

78.     Paragraph 78 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

79.     Paragraph 79 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

80.     Paragraph 80 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

81.     Paragraph 81 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

82.     Paragraph 82 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

83.     Paragraph 83 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

84.     Paragraph 84 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

85.     Paragraph 85 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

86.     The allegations of Paragraph 86 of the Complaint do not require a response.

87.     Paragraph 87 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

88.     Paragraph 88 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

89.     Paragraph 89 of the Complaint does not refer to the Defendants and as such no response is required. To the extent any response is required as it pertains to these Defendants, the allegations are denied.

14

90.    The allegations of Paragraph 90 of the Complaint do not require a response.

91.    Paragraph 91 of the Complaint is denied.

92.    Paragraph 92 of the Complaint is denied.

93.    Paragraph 93 of the Complaint is denied.

94.    Paragraph 94 of the Complaint is denied.

95.    Paragraph 95 of the Complaint is denied.

96.    Paragraph 96 of the Complaint is denied.

97.    As an affirmative defense, Defendants deny Plaintiffs are entitled to the relief prayed for in their prayer for relief.

98.    As an affirmative defense, Defendants S. Osborne and J. Osborne assert that the Complaint fails to state a claim against them for which relief can be granted. Defendants S. Osborne and J. Osborne deny owning, renting, managing and/or operating the Cabin subject to the allegations herein or having any duty related to the Cabin. The Cabin was owned solely by Defendant Osborne LLC. Defendants S. Osborne and J. Osborne seek dismissal of this Complaint against them.

99.    As an affirmative defense, Defendant S. Osborne denies having any individual duty related to the Cabin.

100.    As an affirmative defense, Defendant S. Osborne denies that he breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs' alleged damages.    Defendant S. Osborne denies any and all alleged negligence.

15

101.    As an affirmative Defense, Defendant J. Osborne denies having any individual duty related to the Cabin.

102.    As an affirmative defense, Defendant J. Osborne denies that she breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs' alleged damages.    Defendant J. Osborne denies any and all alleged negligence.

103.    As an affirmative defense, Defendant Osborne LLC asserts that the Complaint fails to state a claim against it for which relief can be granted and thus should be dismissed.

104.    As an affirmative defense, Defendant Osborne LLC denies that it breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs' alleged damages.    Defendant Osborne LLC denies any and all alleged negligence.

105.    As an affirmative defense, while it is denied that Defendants Osborne LLC, S. Osborne or J. Osborne breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs' alleged damages, Defendants Osborne LLC, S. Osborne and J. Osborne each rely upon the doctrine of modified comparative fault. Specifically, the Plaintiffs have alleged that Brian Carroll, Evergreen Design & Construction, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC were negligent and/or breached duties of care to the Plaintiffs, as set forth in, but

16

not limited to, Paragraph Nos. 52 through 87 of the Second Amended Complaint, and that the acts and/or omissions of Brian Carroll, Evergreen Design and Construction, LLC, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation,  Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC caused the Plaintiffs alleged injuries and/or damages.  Pursuant to Fed. R. Civ. P. 10(c), while denying any claims and relying upon their responses to the individual allegations raised in the Second Amended Complaint, Defendants Osborne LLC, S. Osborne and J. Osborne each incorporate the Plaintiffs allegations herein and rely upon the doctrine of modified comparative fault.  To the extent that the proof shows that Brian Carroll, Evergreen Design and Construction, LLC, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC were negligent, Defendants Osborne LLC, S. Osborne and J. Osborne assert that the Plaintiffs claims against Defendants Osborne LLC, S. Osborne and J. Osborne should be dismissed or, in the alternative, reduced by the percentage of fault attributable to Brian Carroll, Evergreen Design and Construction, LLC, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire

& Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC.

106.    As an affirmative defense, while it is denied that Defendants Osborne LLC, S. Osborne and J. Osborne breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs alleged damages, Defendants Osborne LLC, S. Osborne and J. Osborne rely upon the doctrine of modified comparative fault. Specifically, Defendants Osborne LLC contracted with Evergreen Design and Construction, LLC to build the Cabin and that it contracted with Sublime Services, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC to install the tankless gas water heater, including, but not limited to, any vents. To the extent any alleged damages resulted from any alleged construction defect and/or negligence, including, but not limited to, the allegations that the tankless gas water heater was not properly installed or in any way not properly vented, Defendant Osborne LLC, states that Brian Carroll, Evergreen Design & Construction, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC were responsible for the installation of the tankless gas water heater and the associated venting for the hot water heater. To the extent that the proof shows that Rich Bourgeois, individually and d/b/a Sublime Services, Jonelle Bourgeois, individually and d/b/a Sublime Services, Sublime Plumbing, LLC, Brian Carroll and Evergreen Design & Construction, Defendants Osborne LLC, S. Osborne and J. Osborne assert that the Plaintiffs claims against Defendant Osborne LLC, S. Osborne and J. Osborne should be dismissed or, in the alternative, reduced by the percentage of fault attributable to Rich Bourgeois, individually and d/b/a Sublime Services, Jonelle Bourgeois, individually and d/b/a

18

Sublime Services, Sublime Plumbing, LLC, Brian Carroll and Evergreen Design and Construction.

107.    As an affirmative defense, Plaintiffs' damages, if any, were the result or caused by the acts or omissions of a party over whom neither Defendants Osborne LLC, S. Osborne and J. Osborne had no control or right to control. As such, all claims against Defendants Osborne LLC, S. Osborne and J. Osborne should be dismissed.

108.    As an affirmative defense, Defendant Osborne LLC states that it met the industry standards applicable at all times material to this cause in having the Cabin constructed, managed and rented and denies that any actions taken by it or on its behalf were the proximate cause of any of the damages complained of in the Plaintiff's Second Amended Complaint.

109.    As an affirmative defense, Defendant Osborne LLC states that the damages allegedly sustained by the Plaintiffs were caused by an intervening act and/or superseding act for which Defendant Osborne LLC had no responsibility or control, and for which Defendant Osborne LLC is in any way liable. These intervening and/or superseding acts include the construction and installation of the gas hot water heater by Carroll, Evergreen, Sublime Services, Rich Bourgeois and/or Jonelle Bourgeois, and/or Sublime Plumbing set forth above in Paragraph 106. Additionally, these intervening and/or superseding acts include the actions of Co-Defendant Ambient Heating & Air, who performed an inspection of the hot water unit, tested the unit for carbon monoxide, mad what it deemed necessary and proper repair/replacement on the hot water heater and confirmed prior to the rental to the Plaintiffs, which was relied upon by the Defendant Osborne LLC in agreeing to go forward with the rental of the

19

Cabin to the Plaintiffs because Co-Defendant Ambient Heating & Air confirmed that following its inspection, testing and repair that it detected no carbon monoxide in the Cabin, that it resolved any issue with the gas hot water heater and the Cabin could be rented.

110. As an affirmative defense, Defendants Osborne LLC, S. Osborne and J. Osborne specifically plead and aver all provisions of the Tennessee Civil Justice Act of 2011, as codified at Tenn. Code Ann. § 29-39-101 et. seq, that may be applicable to this action including, but not limited to, any and all limitations on the claims and/or injuries alleged by the Plaintiffs.

111. As an affirmative defense, Defendant Osborne LLC moves to dismiss all claims for punitive damages under applicable Tennessee law.

112. As an affirmative defense, Defendant Osborne LLC moves to bifurcate all claims of punitive damages as required under Tennessee law.

113. As an affirmative defense, pending investigation and to avoid waiver, to the extent that the Plaintiffs failed to mitigate their injuries and/or damages, their failure to mitigate was a contributing cause of their alleged injuries and/or damages.

114. Defendants reserve the right to amend or supplement this Answer based upon any additional facts or defenses discovered during this litigation pursuant to Federal Rules of Civil Procedure and Local Rules of Practice.

115. Any allegations of the Complaint not previously admitted, denied, or explained are denied.

116. Defendants demand a jury to try the issues joined.

20

Now, having fully answered the allegations of the Complaint, Defendants Scott Osborne, Jenn Osborne and Scott & Jenn Osborne LLC, ask this Court to dismiss all claims against them.

This the 23rd day of May, 2022.

BERNSTEIN, STAIR & MCADAMS, LLP

s/W. Tyler Chastain
W. Tyler Chastain (BPR # 016029)
Attorneys for Defendants Scott & Jenn Osborne
LLC, Scott Osborne and Jenn Osborne
116 Agnes Road
Knoxville, Tennessee 37919
(865) 546-8030
wtylerc@bsmlaw.com

21

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2022, a copy of the foregoing, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via U.S. Mail. Parties may access this filing through the Court's electronic filing system.

<u>s/W. Tyler Chastain</u>
W. TYLER CHASTAIN