IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| LEXI HONEYCUTT, MELISSA MILTENBERGER, PAULA MULLENIX, SHELBY SPRINGER, KELLY STAMBAUGH, ALLISON TITUS and REAGAN NANZ, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 3:21-cv-311 |
| CABINS FOR YOU, LLC, SCOTT & JENN OSBORNE LLC, SCOTT OSBORNE, JENN OSBORNE, AMBIENT HEATING & AIR, INC., BRIAN CARROLL, EVERGREEN DESIGN & CONSTRUCTION, LLC, NAVIEN, INC., BRK BRANDS, INC. d/b/a FIRST ALERT, NEWELL BRANDS, INC. d/b/a FIRST ALERT, FIRST ALERT, INC., WALTER KIDDE PORTABLE EQUIPMENT, INC., KIDDE PLC, INC., CARRIER GLOBAL CORPORATION, CARRIER FIRE & SECURITY CORPORATION RICH BOURGEOIS and JONELLE BOURGEOIS, INDIVIDUALLY and d/b/a SUBLIME SERVICES, and SUBLIME PLUMBING, LLC. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ANSWER OF CABINS FOR YOU, LLC TO THE PLAINTIFFS'**

**SECOND AMENDED COMPLAINT**

Defendant Cabins For You, LLC (collectively "Defendant Cabins") by and through counsel, and for its Answer to Plaintiffs' Second Amended Complaint [Doc 59] (the "Complaint") state as follows:

1. Paragraph 1 of the Complaint does not set forth facts for which an answer is required.

1

2. In answer to Paragraph 2 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Plaintiffs and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

3. Paragraph 3 of the Complaint is admitted.

4. Paragraph 4 of the Complaint is admitted.

5. Paragraph 5 of the Complaint is admitted.

6. Paragraph 6 of the Complaint is admitted.

7. In answer to Paragraph 7 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Ambient Heating & Air, Inc., and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

8. In answer to Paragraph 8 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Evergreen Design & Construction, LLC, and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

9. In answer to Paragraph 9 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Brian Carroll, and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

10. In answer to Paragraph 10 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Navien, Inc. and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

11. In answer to Paragraph 11 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant BRK Brands, Inc. d/b/a First Alert

and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

12. In answer to Paragraph 12 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Newell Brands, Inc. d/b/a First Alert and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

13. In answer to Paragraph 13 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant First Alert, Inc., and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

14. In answer to Paragraph 14 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Walter Kidde Portable Equipment, Inc., and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

15. In answer to Paragraph 15 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Kidde PLC, Inc., and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

16. In answer to Paragraph 16 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Carrier Global Corporation, and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

17. In answer to Paragraph 17 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Carrier Fire & Security Corporation,

and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

18. In answer to Paragraph 18 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Rich Bourgeois and Jonelle Bourgeois, individually, and d/b/a Sublime Services, and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

19. In answer to Paragraph 19 of the Complaint, Defendant Cabins is not advised regarding the citizenship of Co-Defendant Sublime Plumbing, LLC, and as such, Defendant Cabins is unable to either admit or deny the allegations contained therein.

20. In answer to Paragraph 20 of the Complaint, Defendant Cabins admit that venue is proper based on the allegations contained in this action. Defendant Cabins denies any liability for any claims alleged.

21. In answer to Paragraph 21 of the Complaint, Defendant Cabins admits that Co-Defendant Osborne LLC owned, rented, managed and/or operated the cabin located at 869 Chestnut Drive, Gatlinburg, Tennessee 37738 ("Cabin"). It is denied that the Cabin is owned, rented, managed and/or operated by Co-Defendant Scott Osborne or Defendant Jenn Osborne, individually.

22. Paragraph 22 of the Complaint is admitted.

23. Paragraph 23 of the Complaint is admitted.

24. Paragraph 24 of the Complaint is admitted.

25. In answer to Paragraph 25 of the Complaint, Defendant Cabins is not advised regarding the allegations asserted in Paragraph 25 and as a result, Defendant Cabins is unable to either admit or deny the allegations contained therein.

26. In answer to Paragraph 26 of the Complaint, Defendant Cabins is not advised regarding the allegations asserted in Paragraph 26 and as a result, Defendant Cabins is unable to either admit or deny the allegations contained therein.

27. In answer to Paragraph 27 of the Complaint, Defendant Cabins is not advised regarding the allegations asserted in Paragraph 27 and as a result, Defendant Cabins is unable to either admit or deny the allegations contained therein.

28. In answer to Paragraph 28 of the Complaint, based on knowledge and information Defendant Cabins admits that Paula Mullenix is the name provided on Reservation No. 139106 of May 22, 2021 solely from Defendant Osborne LLC. It is denied that Defendant Scott Osborne or Jenn Osborne own, rent, manage and/or operate the Cabin.

29. In answer to Paragraph 29 of the Complaint, Defendant Cabins is not advised regarding the allegations asserted in Paragraph 29 of the Complaint, and as a result, Defendant Cabins is unable to either admit or deny the allegations contained therein.

30. The allegations of Paragraph 30 of the Complaint require no response.

31. In answer to Paragraph 31 of the Complaint, Defendant Cabins is not advised regarding the allegations asserted in Paragraph 31 of the Complaint, and as a result, Defendant Cabins is unable to either admit or deny the allegations contained therein.

32. Paragraph 32 of the Complaint is denied as stated. Defendant Cabins understands based on knowledge and information that the Plaintiffs allege exposure to carbon monoxide in the Cabin owned solely by Defendant Osborne LLC at some point during their stay. Further, Defendant Cabins is not aware of the specific date Plaintiffs were allegedly exposed to carbon monoxide.

33. In answer to Paragraph 33 of the Complaint, Defendant Cabins admits that the Cabin had a gas hot water heater. Based on subsequent knowledge and information, Defendant Cabins admits that certain issues apparently arose with the gas hot water heater or some other device. Any remaining allegations are denied.

34. In answer to Paragraph 34 of the Complaint, Defendant Cabins admits that the Cabin had a gas hot water heater. Defendant Cabins is without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 34 of the Complaint.

35. Paragraph 35 of the Complaint is denied as stated.

36. In answer to Paragraph 36 of the Complaint, Defendant Cabins admits it received a report from the Gatlinburg Fire Department of an alleged gas leak issue at the Cabin. The remaining allegations are denied.

37. In answer to Paragraph 37 of the Complaint, Defendant Cabins admits receiving a report from the Gatlinburg Fire Department of a gas leak issue at the Cabin. It is admitted that Defendant Osborne LLC participated in the calls with the Gatlinburg Fire Department and Defendant Cabins. The remaining allegations, including that the conclusion of the Gatlinburg Fire Department, that the cause of the carbon monoxide was the gas water heater, are denied.

38. In answer to Paragraph 38 of the Complaint, Defendant Cabins admits receiving reports of gas issues with the Cabin, which were each time responded to with inspection and testing. Further, it was found that some issues were due to guests moving or damaging gas fire logs. The remaining allegations are denied.

39. In answer to Paragraph 39 of the Complaint, Defendant Cabins admits that prior to the date of the alleged incident that it further retained Co-Defendant, Ambient Heating & Air, to inspect, test and repair the hot water heater. Defendant Cabins admits that Co-Defendant Ambient Heating & Air inspected, tested, made a repair to the gas water heater unit for carbon monoxide and confirmed prior to Plaintiffs' arrival that it detected no carbon monoxide in the Cabin, that it resolved any issue with the gas hot water heater and the Cabin could be rented. It is admitted that this information was provided to the owner, Defendant Osborne LLC, who relied on this report to rent the Cabin. Any remaining allegations are denied.

40. In answer to Paragraph 40 of the Complaint, Defendant Cabins admits that Co-Defendant Ambient Heating & Air performed various testing, inspections and repairs in May of 2021 related to the Cabin.

41. Paragraph 41 of the Complaint is denied as stated in that any such incidents were prior to the inspection, testing and repairs by Co-Defendant Ambient Heating & Air.

42. In answer to Paragraph 42, Defendant Cabins admits that a detector was replaced prior to the Plaintiffs' arrival. Any remaining allegations are denied.

43. In answer to Paragraph 43, Defendant Cabins admits that a detector was replaced prior to the Plaintiffs' arrival. Any remaining allegations are denied.

7

44. In answer to Paragraph 44, Defendant Cabins admits receiving reports of possible exposure to carbon monoxide by guests of the Cabin on or about May 22, 2021.

45. In answer to Paragraph 45 of the Complaint, Defendant Cabins has no knowledge or information as to any allegations of any blood test results. Defendant Cabins denies any knowledge or report of any gas leak issues on May 20 or 21, 2021.

46. Paragraph 46 of the Complaint is denied.

47. The allegations of Paragraph 47 of the Complaint require no response.

48. In answer to Paragraph 48 of the Complaint, Defendant Cabins denies all allegations and asserts that it did provide a reasonably safe and habitable residence at all times material.

49. In answer to Paragraph 49 of the Complaint, Defendant Cabins denies all allegations and asserts that it did provide a reasonably safe and habitable residence at all times material.

50. Paragraph 50 of the Complaint is denied.

51. Paragraph 51 of the Complaint is denied.

52. The allegations of Paragraph 52 of the Complaint require no response.

53. Paragraph 53 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

54. Paragraph 54 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

55. Paragraph 55 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

56. The allegations of Paragraph 56 do not require a response.

57. Paragraph 57 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

58. Paragraph 58 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

59. Paragraph 59 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

60. The allegations of paragraph 60 do not require a response.

61. Paragraph 61 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

62. Paragraph 62 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

63. Paragraph 63 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

64. Paragraph 64 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

65. Paragraph 65 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

66. Paragraph 66 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

67. Paragraph 67 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

68. Paragraph 68 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

69. Paragraph 69 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

70. Paragraph 70 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

71. Paragraph 71 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

72. Paragraph 72 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

73. The allegations of Paragraph 73 do not require a response.

74. Paragraph 74 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

75. Paragraph 75 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

76. Paragraph 76 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

77. Paragraph 77 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

78. Paragraph 78 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

79. Paragraph 79 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

80. Paragraph 80 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

81. Paragraph 81 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

82. Paragraph 82 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

83. Paragraph 83 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

84. Paragraph 84 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

85. Paragraph 85 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

86. The allegations of Paragraph 86 of the Complaint do not require a response.

87. Paragraph 87 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

88. Paragraph 88 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

89. Paragraph 89 of the Complaint does not refer to the Defendant Cabins and as such no response is required. To the extent any response is required as it pertains to the Defendant Cabins, the allegations are denied.

90. The allegations of Paragraph 90 of the Complaint do not require a response.

91. Paragraph 91 of the Complaint is denied.

92. Paragraph 92 of the Complaint is denied.

93. Paragraph 93 of the Complaint is denied.

94. Paragraph 94 of the Complaint is denied.

95. Paragraph 95 of the Complaint is denied.

96. Paragraph 96 of the Complaint is denied.

97. As an affirmative defense, Defendant Cabins denies Plaintiffs are entitled to the relief prayed for in their prayer for relief.

98. As an affirmative defense, Defendant Cabins asserts that the Complaint fails to state a claim against it for which relief can be granted.

99. As an affirmative defense, Defendant Cabins denies any and all alleged negligence.

100. As an affirmative defense, Defendant Cabins denies that it breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs' alleged damages.

101. As an affirmative defense, while it is denied that Defendant Cabins breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs' alleged damages, Defendant Cabins relies upon the doctrine of modified comparative fault. Specifically, the Plaintiffs have alleged that Brian Carroll, Evergreen Design & Construction, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC were negligent and/or breached duties of care to the Plaintiffs, as set forth in, but not limited to, Paragraph Nos. 52 through 87 of the Second Amended Complaint, and that the acts and/or omissions of Brian Carroll, Evergreen Design and Construction, LLC, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC caused the Plaintiffs' alleged injuries and/or damages. Pursuant to Fed. R. Civ. P. 10(c), while denying any claims and relying upon their responses to the individual allegations raised in the Second Amended Complaint, Defendant Cabins incorporates the Plaintiffs' allegations herein and rely upon the doctrine of modified comparative fault. To the extent that the proof shows that Brian Carroll, Evergreen

14

Design and Construction, LLC, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC were negligent, Defendant Cabins asserts that the Plaintiffs claims against Defendant Cabins should be dismissed or, in the alternative, reduced by the percentage of fault attributable to Brian Carroll, Evergreen Design and Construction, LLC, Ambient Heating & Air, Inc., Navien, Inc., BRK Brands, In. d/b/a Frist Alert, Newell Brands, Inc. d/b/a First Alert, First Alert, Inc., Walter Kidde Portable Equipment, Inc., Kidde PPLC, Inc., Carrier Global Corporation, Carrier Fire & Security Corporation, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC.

102. As an affirmative defense, while it is denied that Defendant Cabins breached any duty or committed any act or omission that was the proximate cause of the Plaintiffs alleged damages, Defendant Cabins relies upon the doctrine of modified comparative fault. Specifically, Defendant Cabins asserts that to the extent any alleged damages resulted from any alleged construction defect and/or negligence, including, but not limited to, the allegations that the tankless gas water heater was not properly installed or in any way not properly vented, Defendant Cabins states that Brian Carroll, Evergreen Design & Construction, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC were responsible for the installation of the tankless gas water heater and the venting for such hot water heater and that their fault should be apportioned for such acts.

103. As an affirmative defense, Plaintiffs' damages, if any, were the result or caused by the acts or omissions of a party over whom neither Defendant Cabins had no control or right to control including Brian Carroll, Evergreen Design & Construction, Rich Bourgeois and Jonelle Bourgeois and/or Sublime Plumbing, LLC, and Ambient Heating & Air, in their installation, testing and inspection of the gas hot water heater and associated venting, and that such act were the intervening and superseding cause of the Plaintiffs' injuries, if any, and for which Defendant Cabins is in no way liable.

104. As an affirmative defense, Defendant Cabins states that it met the industry standards applicable at all times material in the renting, managing, maintenance, supervision and oversight of the Cabin, including but not limited to hiring professionals to inspect, test and advise as to any issues associated with the gas hot water heater and its operation, and that its reliance of such information from Ambient Heating & Air, immediately prior to renting to the Plaintiffs was reasonable and proper and Defendant Cabins denies that any actions taken by it or on its behalf were the proximate cause of any of the damages complained of in the Plaintiff's Second Amended Complaint.

105. As an affirmative defense, Defendant Cabins relies upon the doctrine of modified comparative fault as adopted by the various Courts in the State of Tennessee. Prior to Plaintiffs' rental of this unit, Defendant Cabins retained contacted a heating and cooling contractor to inspect the tankless hot water heater, Ambient Heating & Air, who sent an inspector/repairman to the property to check for gas issues, repair if necessary and who thereafter confirmed no gas levels existed in the Cabin prior to

16

Plaintiffs' arrival. Defendant Cabins asserts that any fault in renting the Cabin would be allocated to Co-Defendant Ambient.

106. As an affirmative defense, Defendant Cabins specifically pleads and avers all provisions of the Tennessee Civil Justice Act of 2011, as codified at Tenn. Code Ann. § 29-39-101 et. seq, that may be applicable to this action including, but not limited to, any and all limitations on the claims and/or injuries alleged by the Plaintiffs.

107. As an affirmative defense, Defendant Cabins moves to dismiss all claims for punitive damages under applicable Tennessee law.

108. As an affirmative defense, Defendant Cabins moves to bifurcate all claims of punitive damages as required under Tennessee law.

109. As an affirmative defense, pending investigation and to avoid waiver, to the extent that the Plaintiffs failed to mitigate their injuries and/or damages, their failure to mitigate was a contributing cause of their alleged injuries and/or damages.

110. Defendant Cabins reserves the right to amend or supplement this Answer based upon any additional facts or defenses discovered during this litigation pursuant to Federal Rules of Civil Procedure and Local Rules of Practice.

111. Any allegations of the Complaint not previously admitted, denied, or explained are denied.

112. Defendant Cabins demands a jury to try the issues joined.

Now, having fully answered the allegations of the Complaint, Defendant Cabins For You, LLC, asks this Court to dismiss all claims against it.

This the 23rd day of May, 2022.

          BERNSTEIN, STAIR & MCADAMS, LLP

          s/W. Tyler Chastain
          W. Tyler Chastain (BPR # 016029)
          Attorneys for Defendant Cabins Scott & Jenn Osborne LLC, Scott Osborne and Jenn Osborne
          116 Agnes Road
          Knoxville, Tennessee 37919
          (865) 546-8030
          wtylerc@bsmlaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 23rd day of May, 2022, a copy of the foregoing, was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served via U.S. Mail. Parties may access this filing through the Court's electronic filing system.

        s/W. Tyler Chastain
        W. TYLER CHASTAIN