# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| LEXI HONEYCUTT, <br> MELISSA MILTENBERGER, <br> PAULA MULLENIX, SHELBY SPRINGER <br> KELLEY STAMBAUGH, ALLISON TIUTUS <br><br> **Plaintiffs** <br><br> v. <br><br> CABINS FOR YOU, LLC, <br> SCOTT & JENN OSBORNE, LLC, <br> SCOTT OSBORNE, JENN OSBORNE, <br> AMBIENT HEATING & AIR, LLC, <br> BRIAN CARROLL, EVERGREEN DESIGN & CO. <br><br> **Defendants** | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) No. 3:21-cv-00311 <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## ANSWER TO SECOND AMENDED COMPLAINT

Comes the Defendant, Ambient Hearing & Air, LLC, by and through counsel and responds to the Second Amended Complaint as follows:

1. This Defendant does not know the citizenship of the Plaintiffs or Defendants; therefore, this Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 1 of the Second Amended Complaint.

2. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 2 of the Second Amended Complaint.

3. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 3 of the Second Amended Complaint.

4. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 4 of the Second Amended Complaint.

5. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 5 of the Second Amended Complaint.

6. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 6 of the Second Amended Complaint.

7. This Defendant admits the allegations contained in Paragraph 7 of the Second Amended Complaint.

8. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 8 of the Second Amended Complaint.

9. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 9 of the Second Amended Complaint.

10. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 10 of the Amended Complaint.

11. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 11 of the Second Amended Complaint.

12. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 12 of the Second Amended Complaint.

13. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 13 of the Second Amended Complaint.

14. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 14 of the Second Amended Complaint.

15. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 15 of the Second Amended Complaint.
16. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 16 of the Second Amended Complaint.
17. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 17 of the Second Amended Complaint.
18. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 18 of the Second Amended Complaint.
19. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 19 of the Second Amended Complaint.
20. This Defendant admits the allegations contained in Paragraph 20 of the Second Amended Complaint.
21. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 21 of the Second Amended Complaint.
22. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 22 of the Second Amended Complaint.
23. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 23 of the Second Amended Complaint.
24. This Defendant admits that they were called to inspect the water heater in the cabin. This Defendant denies the remaining allegations contained in Paragraph 24 of the Second Amended Complaint.
25. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 25 of the Second Amended Complaint.

26. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 26 of the Second Amended Complaint.
27. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 27 of the Second Amended Complaint.
28. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 28 of the Second Amended Complaint.
29. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 29 of the Second Amended Complaint.
30. Paragraph 30 of the Second Amended Complaint requires no response.
31. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 31 of the Second Amended Complaint.
32. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 32 of the Second Amended Complaint.
33. This Defendant admits that the cabin had a gas water heater. As to the remaining allegations, this Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 33 of the Second Amended Complaint.
34. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 34 of the Second Amended Complaint.
35. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 35 of the Second Amended Complaint.
36. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 36 of the Second Amended Complaint.

37. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 37 of the Second Amended Complaint.
38. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 38 of the Second Amended Complaint.
39. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 39 of the Second Amended Complaint.
40. This Defendant admits the allegations contained in Paragraph 40 of the Second Amended Complaint.
41. This Defendant denies the allegations contained in Paragraph 41 of the Second Amended Complaint.
42. This Defendant denies that they removed the carbon monoxide detector at the Cabin prior to the arrival of the Plaintiffs.
43. This Defendant denies that they re-installed a different carbon monoxide detector at the Cabin.
44. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 44 of the Second Amended Complaint.
45. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 45 of the Second Amended Complaint.
46. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 46 of the Second Amended Complaint.
47. Paragraph 47 does not require a response.
48. Paragraph 48 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

49. Paragraph 49 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

50. Paragraph 50 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

51. Paragraph 51 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

52. Paragraph 52 of the Second Amended Complaint does not require a response.

53. This Defendant denies the allegations contained in Paragraph 53 of the Second Amended Complaint.

54. This Defendant denies the allegations contained in Paragraph 54 of the Second Amended Complaint.

55. This Defendant denies the allegations contained in Paragraph 55 of the Second Amended Complaint.

56. Paragraph 56 of the Second Amended Complaint requires no response.

57. Paragraph 57 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

58. Paragraph 58 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

59. Paragraph 59 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

60. Paragraph 60 of the Second Amended Complaint does not require a response.

61. Paragraph 61 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

62. Paragraph 62 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

63. Paragraph 63 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

64. Paragraph 64 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

65. Paragraph 65 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

66. Paragraph 66 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

67. Paragraph 67 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

68. Paragraph 68 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

69. Paragraph 69 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

70. Paragraph 70 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

71. Paragraph 71 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

72. Paragraph 72 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

73. Paragraph 73 of the Second Amended Complaint requires no response.

74. Paragraph 74 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

75. Paragraph 75 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

76. Paragraph 76 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

77. Paragraph 77 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

78. Paragraph 78 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

79. Paragraph 79 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

80. Paragraph 80 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

81. Paragraph 81 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

82. Paragraph 82 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

83. Paragraph 83 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.

84. Paragraph 84 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.
85. Paragraph 85 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.
86. Paragraph 86 of the Second Amended Complaint requires no response.
87. Paragraph 87 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.
88. Paragraph 88 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.
89. Paragraph 89 of the Second Amended Complaint does not pertain to this Defendant; therefore, no response is required.
90. Paragraph 90 of the Second Amended Complaint requires no response.
91. This Defendant admits the allegations contained in Paragraph 91 of the Second Amended Complaint.
92. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 92 of the Second Amended Complaint and therefore demand strict proof thereof if deemed relevant.
93. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 93 of the Second Amended Complaint and therefore demand strict proof thereof if deemed relevant.
94. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 94 of the Second Amended Complaint and therefore demand strict proof thereof if deemed relevant.

95. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 95 of the Second Amended Complaint and therefore demand strict proof thereof if deemed relevant.

96. This Defendant has insufficient information to either admit or deny the allegations contained in Paragraph 96 of the Second Amended Complaint and therefore demand strict proof thereof if deemed relevant.

97. This Defendant denies that it is liable to the Plaintiffs in the amount sued for or in any amount.

98. As an affirmative defense, this Defendant invokes the doctrine of comparative negligence in all its phases. This Defendant alleges fault against Evergreen Construction & Design/Brian Carroll as they constructed the cabin. The water heater was installed improperly and was missing parts and did not have a pressure release valve.

99. As an affirmative defense, this Defendant invokes the doctrine of comparative negligence in all its phases. This Defendant alleges fault against Scott & Jenn Osborne, LLC, Scott Osborne and Jenn Osborne, ("Osbourne") and Cabins For You ("Cabins") as this Defendant informed them that the fireplace had a leak and C02 alarms near the fireplace were not working and recommended replacement, which was declined by Osborne/Cabins. This Defendant recommended replacement of the hot water heater which was also declined by Osborne/Cabins. Osborne/Cabins requested this Defendant repair the hot water heater and the pressure relief valve. This Defendant ordered the necessary parts to

repair the hot water heater. This Defendant had not repaired the hot water heater when Osborne/Cabins rented the cabin. Osborne/Cabins knew the repairs had not been made when the cabin was rented. The repairs were made after this incident.

100. As an affirmative defense, this Defendant invokes the doctrine of comparative negligence in all its phases as to all parties. For the purpose of stating all possible defenses and without any admission of fault or liability under any theory, this Defendant asserts that to the extent established by proof and consistent with comparative fault principles, the conduct of the Co-Defendants, must be taken into account and a proportionate degree of fault, if any, be assigned to each and any award to which the Plaintiffs might otherwise be entitled, if any, be accordingly barred or proportionately reduced.

101. Since formal discovery has not been completed in this matter, this Defendant invokes the doctrine of comparative fault and comparative negligence in all its phases and reserves the right to amend its Answer as the facts and circumstances of this cause are made more fully apparent through the formal discovery process to allege comparative fault against others culpable parties.

102. This Defendant reserve the right, upon motion, and leave of court to amend this Answer to assert further defenses which may be discovered through further investigation and discovery.

103. The Plaintiff's Complaint fails to state a claim upon which relief can be granted.

104. All matters not either admitted, denied or explained are now denied as though they were denied individually and separately, and this Defendant prays that the cause be dismissed at the Plaintiffs' cost.

Respectfully submitted this 26th day of May, 2022.

**s/Ellis A. Sharp**
Ellis A. Sharp (BPR#5070)

STOKES, WILLIAMS, SHARP, COPE & MANN
Post Office Box 2644
Knoxville, TN  37901
865-544-3833

    Attorney for Defendant,
    Ambient Heating & Air, LLC

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and exact copy of this the foregoing document has been served upon all counsel of interest in this case, by electronic service or by U.S. Mail, postage prepaid.

This the 26th day of May, 2022.

**s/Ellis A. Sharp**