UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LEXI HONEYCUTT, et. al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 3:21-cv-311 |
| CABINS FOR YOU, LLC, et al. | ) |
| Defendants. | ) |

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR PARTIAL SUMMARY JUDGMENT

COME the Defendants, Ambient Heating & Air, Inc., Cabins for You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne, and Jenn Osborne (collectively "Defendants"), by and through counsel and pursuant to Fed. R. Civ. P. 56, and files this memorandum in support of their Motion for Partial Summary Judgment as follows:

### RELEVANT FACTS

On May 5, 2022, Plaintiffs filed *Plaintiffs' Second Amended Complaint for Damages and Request for Jury Trial* ("Complaint"). [Doc. 59]. The Complaint alleges that Plaintiffs were subjected to carbon monoxide on May 22, 2021 while visiting a cabin located at 869 Chestnut Drive in Gatlinburg, Tennessee ("Cabin"). [Id. at ¶¶ 21, 44]. Plaintiffs allege that each of them have sustained permanent injury from their exposure to carbon monoxide. [Id. at ¶ 46]. Plaintiffs claim for damages against these Defendants includes lost income and lost earning capacity as a result of their injuries. [Id. at ¶¶ 55, 85].

Defendants in this case have filed (simultaneously or near in time) *Defendants' Motion to Exclude Plaintiffs' Vocational Expert Sara Ford MRC, Under Fed. R. Evid. 702 and 703*

("Defendants' Motion to Exclude"). The basis for Defendants' Motion to Exclude is that the testimony of Sara Ford ("Ford") of Vocational Economics, Inc. ("VEI") fails to meet the admissibility standards under Fed. R. Evid 702 and applicable law, including <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579, 588-90 (1993) and its progeny. Furthermore, Defendants' Motion to Exclude explains that the report prepared by Ford/VEI fails to comply with Fed. R. Evid. 703 because the information relied upon by Ford/VEI is not information reasonably relied upon by vocational experts in the field of opinion as to lost wages/earning capacity.

In the event this Court grants Defendants' Motion to Exclude Ford/VEI, the Plaintiffs' claims for lost wages/earning capacity will necessarily fail due to lack of supporting expert proof.

## **LAW AND ARGUMENT**

### I. SUMMARY JUDGMENT STANDARD.

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party moving for summary judgment has the burden of establishing the nonexistence of a genuine disputed material fact. <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 330 (1986); <u>Lynch v. Barrett,</u> 703 F.3d 1153, 1158 (10th Cir. 2013); <u>Leary v. Daeschner,</u> 349 F.3d 888, 897 (6th Cir. 2003). The United States Supreme Court explained the nature of a motion for summary judgment by stating that "[o]nly disputes or facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986). "Once the moving party presents evidence sufficient to support a motion

under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations." Raines v. Shoney's, Inc., 909 F. Supp. 1070, 1076 (E.D. 1995). The nonmoving party must come forward with some "significant probative evidence to support its claim." Id. (citing Celotex, 477 U.S. 317 at 324). In order to survive summary judgment, probative evidence from which the jury could find in favor of the non-moving party must exist. Raines, 909 F. Supp. 1070 at 1077. If a reasonable jury could not find in favor of the non-moving party, summary judgment must be granted. Anderson, 477 U.S. at 251-52.

<ol start="2" style="list-style-type: upper-roman;">
<li>SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF THESE DEFENDANTS REGARDING PLAINTIFFS' CLAIMS FOR LOST WAGES/EARNING CAPACITY SINCE PLAINTIFFS LACK EXPERT PROOF TO PROVE SAME.</li>
</ol>

As stated *supra,* these Defendants file their motion for partial summary judgment in anticipation of this Court granting the Defendants' Motion to Exclude. Should the Court grant the Defendants' Motion to Exclude, the Plaintiffs' claims for lost wages/earning capacity fail as a matter of law for lack of expert proof to substantiate same.

A plaintiff has the burden of proving lost earning capacity. Overstreet v. Shoney's, Inc., 4 S.W.3d 694, 703-704 (Tenn. Ct. App. 1999). Even if a plaintiff has established the foundation case for liability, a claim for lost earning capacity requires that same plaintiff to additionally establish the following:

1. Proof of the existence of some earning capacity—either actual or potential—prior to the injury;
2. Proof that this earning capacity has been lost or diminished;
3. Proof that the cause of the lost or diminished earning capacity is proximately caused by the injury; and
4. Proof of the dollar amount of the loss.

Oglesby v. Riggins, No. W010-01470-COA-R3-CV, 2011 WL 915583 at *6 (Tenn. Ct. App. Mar. 17, 2011)(citing 29 Am.Jur. 3d *Proof of Lost Earning Capacity* § 6 (1995). Thus, in cases dealing with lost earning capacity:

> [I]t is essential for counsel to bear in mind the necessary of proving two separate proximate cause linkages in the case: one between the tortfeasor's actions and the injury sustained for the general case on liability, and a second, separate proximate-cause linkage between the injury sustained and the loss of impairment to the injured party's capacity to earn a living for the damage case on loss of earning capacity.

Id.

Medical causation and permanency of an injury must be established by expert medical testimony. Brown v. Echols, 585 S.W.3d 424, 429 (Tenn. Ct. App. 2019)( relying on Thomas v. Aetna Life & Cas. Co., 812 S.W.2d 278, 283 (Tenn. 1991)). In cases dealing with lost earning ability, expert medical testimony is "essential" when a plaintiff's physical impairment is obscure or subjective, or where the connection between physical impairment and earning capacity is not obvious. Id. See also Brown, 585 S.W.3d at 430. The expert testimony to support such claims for loss of income/earning capacity must be held to a "reasonable degree of medical certainty" and cannot be based on "speculation, conjecture, or possibility." Id. "'The plaintiff must introduce evidence which affords a reasonable basis for the conclusion that it is more likely than not that the conduct of the defendant was a cause in fact of the result. A mere possibility of such causation is not enough[.]'" Brown, 585 S.W.3d at 430 (citing Miami Dev. Corp., 689 S.W.2d 856, 861 (Tenn. 1985)).

Upon the exclusion of Ford, the Plaintiffs would have no supporting expert testimony to establish that the alleged injuries sustained by the Plaintiffs in this case are the proximate cause of the alleged lost income/earning capacity the Plaintiffs seek. As a result, Plaintiffs' claims for lost income/earning capacity fail as a matter of law.

WHEREFORE, summary judgment should be granted in favor of these Defendants as to Plaintiffs' claims for lost income/earning capacity for failure to establish, through expert testimony, that Plaintiffs' alleged injuries were the proximate cause of Plaintiffs' alleged lost income/lost earning capacity.

Respectfully submitted this 9th day of January, 2023.

**STOKES, WILLIAMS, SHARP, COPE & MANN, P.C.**

s/ Ellis A. Sharp
ELLIS A. SHARP (BPR# 5070)
ANNIE S. DUNCAN (BPR # 020725)
STOKES, WILLIAMS, SHARP, COPE & MANN
P O Box 2644
Knoxville, Tennessee 37901
(865) 544-3833
sandy@stokeswilliams.com
annie@stokeswilliams.com
Counsel for Defendant Ambient Heating & Air, Inc.

**BERNSTEIN, STAIR & McADAMS LLP**

s/ W. Tyler Chastain
W. TYLER CHASTAIN (BPR # 016029)
HEATHER G. ANDERSON (BPR#019408)
Bernstein, Stair & McAdams LLP
116 Agnes Road
Knoxville, Tennessee 37919
(865) 546-8030
wtylerc@bsmlaw.com
handerson@bsmlaw.com
Counsel for Defendants, Cabins For You, LLC, Scott & Jenn Osborne, LLC, Scott Osborne and Jenn Osborne

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing has been served upon the following counsel of record via this Court's electronic filing system.

This 9th day of January, 2023.

                                     **s/Ellis A. Sharp**
                                     Ellis A. Sharp

                                     **s/ W. Tyler Chastain**
                                     W. Tyler Chastain