UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| LEXI HONEYCUTT, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) No. 3:21-CV-311-TRM-DCP |
| | ) |
| CABINS FOR YOU, LLC, *et al.*, | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is Plaintiffs' Motion to Withdraw and Quash the Deposition of Plaintiffs' Expert Witness, Nancy L. Grugle, PH.D., CHFP [Doc. 253]. No party has responded in opposition to the motion, and the time for doing so has expired. *See* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be deemed a waiver of any opposition to the relief sought."). For the reasons explained below, the Court **GRANTS** the motion [**Doc. 253**].

Plaintiffs disclosed Nancy Grugle, Ph.D., CHFP ("Dr. Grugle") as their expert witness on November 14, 2022. Dr. Grugle's opinions "solely pertain to the manufacturer of a tankless gas water heater, Navien, Inc., ("Navien"), which was installed in the rental cabin" [Doc. 253 ¶ 2]. In other words, Dr. Grugle's opinions pertained only to "Navien's instructions and warnings" [*Id*. at ¶ 3]. Navien noticed the deposition of Dr. Grugle to take place on January 19, 2023, but on January 10, 2023, Plaintiffs and Navien agreed to dismiss Navien from this matter. The Court dismissed Navien on January 13, 2023, and entered the Judgment on January 23, 2023 [Docs. 250 and 269].

Plaintiffs now move to withdraw Dr. Grugle as their Rule 26 expert, arguing that she "will no longer be providing any expert testimony for purposes of establishing substantive proof for the [their] case" [Doc. 253 ¶ 7]. Plaintiffs submit that "Dr. Grugle [will] not be addressing any topic to establish proof of fault of any of the remaining [D]efendants in any capacity" [*Id.*]. They assert, "The remaining [D]efendants have designated their own retained testifying experts on liability issues and had every opportunity to develop their own evidence as to Navien's fault in this case" [*Id.* ¶ 8]. Plaintiffs aver that the remaining Defendants have not designated an expert showing that Navien shares in liability. Plaintiffs' counsel emailed defense counsel his position that Dr. Grugle is no longer relevant and asked if defense counsel would withdraw the request to depose Dr. Grugle, and defense counsel responded, "I do not agree." [Doc. 253-2 p. 1]. Plaintiffs cite to Tennessee Rule of Civil Procedure 32.01 and Tennessee case law in support of their position.[1]

As mentioned above, no party has responded to the motion, and the time for doing so has expired. E.D. Tenn. L.R. 7.2. Thus, the motion can be granted on this basis alone. Even so, the undersigned has reviewed the merits of Plaintiffs' request and finds—absent argument to the contrary—"where a party identifies an expert as testifying under Rule 26(b)(4)(A), but subsequently redesignates the expert as non-testifying, the opposing party may only depose that expert upon a showing of 'exceptional circumstances' under Rule 26(b)(4)[(D)]." *R.C. Olmstead, Inc. v. CU Interface, LLC*, 657 F. Supp. 2d 899, 904 (N.D. Ohio 2009), *aff'd*, 606 F.3d 262 (6th Cir. 2010). By failing to respond to the motion, Defendants have not shown exceptional

---

[1] Although Plaintiffs rely on state law, the Court finds that this is a procedural issue governed by the Federal Rules. *Red Hed Oil, Inc. v. H.T. Hackney Co.*, 292 F. Supp. 3d 764, 771 (E.D. Ky. 2017) ("Federal courts sitting in diversity apply federal procedural law." citation omitted)).

circumstances. Accordingly, the Court **GRANTS** Plaintiffs' Motion to Withdraw and Quash the Deposition of Plaintiffs' Expert Witness, Nancy L. Grugle, P.h.D, and CHFP [**Doc. 253**].

    **IT IS SO ORDERED.**

ENTER:

*Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge